*DeLacey Allen, D. C. Campbell, Jr., Smith & Gardner,* contra.

34653.  SMITH, Guardian, *v.* BELL.

DECIDED JULY 16, 1953.

*Edwin S. Kemp, O. J. Coogler, Lester Dickson,* for plaintiff in error.

*Wm. G. McRae,* contra.

FELTON, J.   On May 29, 1952, Mrs. Nora Smith Bell filed a petition, under the act of 1947 providing a method for restoration of sanity to one entitled to such a judgment, in the Court of Ordinary of Clayton County, in which she alleged that on September 22, 1947, she was adjudged to be a person of unsound mind and committed to the Milledgeville State Hospital; that she should be released from said hospital and was capable of managing her own affairs; and she prayed for the summoning of

a commission and that a judgment be entered declaring her to be sane and that she be restored to sanity and legal capacity.

The commission summoned to try the issue found the petitioner sane on June 20, 1952. On June 23, 1952, the petitioner's guardian appealed the case to the Superior Court of Clayton County. After the appeal to the superior court was filed, Mrs. Bell filed proceedings in the Court of Ordinary of Baldwin County, and the jury trying the case returned a verdict that she was sane and in favor of her release from the hospital on July 2, 1952. Thereafter, in November, 1952, the case on appeal to Clayton Superior Court was tried and resulted in a verdict finding Mrs. Bell sane. Her guardian made a motion for new trial, which was denied, and he excepted to that judgment.

At the time when the commission in the court of ordinary tried the issue of Mrs. Bell's sanity, she was still an inmate of the Milledgeville State Hospital. Under the ruling of the Supreme Court in *Strickland* v. *Peacock*, 209 *Ga.* 773 (77 S. E. 2d 14), the act of 1947 (Ga. L. 1947, pp. 1174-1177) does not contemplate or include a person who has been committed to the State Hospital and who is still confined therein. The act only provides a procedure for those who have been released from the hospital. Under the ruling in the above case, the Court of Ordinary of Clayton County did not have jurisdiction of the person of Mrs. Bell or the subject matter of her competency at the time she filed her petition therein, or at the time the commission made its findings, for the reason that she was at that time confined in the Milledgeville State Hospital under an adjudication of incompetency. Since the Court of Ordinary of Clayton County had no jurisdiction of the case at the time the commission made its finding, there could be no valid appeal of the case to the Superior Court of Clayton County, and the purported trial in the superior court was a nullity, even though the petitioner had been released from the hospital before the trial in the superior court.

The judgment of the Clayton Superior Court denying a new trial is reversed for the reason that the court was without jurisdiction to try the case and because the entire trial in the superior court was a nullity.

*Judgment reversed. Sutton, C. J., Gardner, P. J., Townsend, Worrill and Carlisle, JJ., concur.*