### 20425. MORRIS *v.* MORRIS *et al.*

CANDLER, Justice. On July 18, 1958, Evelyn Morris filed a suit in Fulton County against Charles C. Morris, Jr. In substance her petition alleges: She and the defendant were married on March 20, 1942. She was adjudged insane and committed to the Milledgeville State Hospital on January 22, 1945. On the ground that she was "incurably insane," the defendant on October 14, 1954, filed a suit for divorce against her in the Superior Court of Fulton County, and a decree granting the divorce prayed for was rendered on March 17, 1955, and such decree made no provision for her support and maintenance. Under the provisions of Code (Ann.) § 49-610.1, she filed a petition with the Ordinary of Fulton County, in which she alleged that she had been restored to sanity and prayed for a judgment adjudicating that fact. The commission, which Code (Ann.) § 49-610.2 provides for in such proceedings,

found that the allegations of her petition were true, and a judgment of restoration to sanity was accordingly entered by the ordinary on June 25, 1958. Her petition also alleges that she has no property; that she is being supported and maintained by her mother; and that she has no trade or profession which will enable her to make a living for herself. She prayed for temporary and permanent alimony including counsel fees. Her petition was demurred to generally on the ground that it failed to state a cause of action for any of the relief sought, since it shows on its face that the marriage between the parties had been dissolved by divorce prior to the institution of her suit for alimony. Special demurrers were also interposed to several parts of the petition. The defendant subsequently filed a written motion to dismiss the petition on the following grounds: (1) The court does not have jurisdiction of the subject matter of the plaintiff's suit nor power to grant the judgment prayed for, since the petition affirmatively showed that the defendant obtained a divorce from the plaintiff prior to the time her suit was brought. (2) The divorce decree which the defendant obtained is an adjudication of the issue raised by the petition and precludes the court from entertaining jurisdiction of the subject matter. And (3) it shows that the plaintiff was adjudged insane and committed to the Milledgeville State Hospital in 1945, and fails to show that she has been declared sane and discharged from such hospital under the provisions of Code (Ann.) § 35-236; consequently, she has no legal capacity to institute and maintain an action in her own behalf and her petition is therefore a nullity for want of a proper party plaintiff. On October 15, 1958, William C. Rimmer, Jr., as attorney for the plaintiff, filed an application for the appointment of a guardian ad litem for her. His application alleges that she was sane and labored under no disabilities at the time her suit for alimony was instituted; that she had since then become insane; and that the appointment of a guardian ad litem to appear for and represent her was therefore necessary. After a hearing, the court appointed Mrs. Gladys Bruce, the plaintiff's mother, as such guardian. On December 17, 1958, the court overruled the defendant's general demurrer and his motion to dismiss the petition, but did not pass on any of the special demurrers. The defendant excepted. *Held:*

1. There is no merit in the contention that the petition is a

nullity for want of a proper party plaintiff. While it is true that an insane person cannot in his or her own name institute and maintain an action in the courts of this State (*Thomas* v. *Thomas,* 145 *Ga.* 111, 88 S. E. 584), nevertheless, the petition in this case alleges that the plaintiff, prior to the time her suit was instituted obtained a judgment from the Ordinary of Fulton County adjudicating the fact of her restoration to sanity, and under the provisions of an act which was passed in 1953 (Ga. L. 1953, Nov.-Dec. Sess., p. 353), the Ordinary of Fulton County—the county of her legal residence—had jurisdiction to hear and determine her restoration to sanity application either if she had prior to its filing been released from the Milledgeville State Hospital or if she was at such time still confined therein. See Code (Ann.) § 49-610.1. *Strickland* v. *Peacock,* 209 *Ga.* 773 (77 S. E. 2d 14), and *Smith* v. *Bell,* 88 *Ga. App.* 618 (77 S. E. 2d 22), which are cited in the brief for the plaintiff in error were both decided prior to the passage and approval of the amending act of 1953, supra, and are therefore no authority now for the contention that the Ordinary of Fulton County had no jurisdiction to hear and determine the plaintiff's restoration to sanity application.

2. Did the plaintiff, as the divorced wife of the defendant, have a right to maintain an action against him for alimony? We think and hold that she did. The defendant, as the petition shows, obtained a divorce from the plaintiff on the ground that she was incurably insane and had been confined in the Milledgeville State Hospital for a period of more than three years immediately preceding the commencement of his action. Incurable insanity is an additional ground for divorce, which the legislature supplied in 1951 (Ga. L. 1951, p. 744), and its provisions for notice to certain persons and proof that one is incurably insane must be strictly complied with. And the act also provides: "The status of the parties as to the support and maintenance of the insane person shall not be altered in any way by the granting of the divorce." The defendant in this case sought and obtained his divorce from the plaintiff under all of the provisions of this act and subject thereto, and to hold, as the defendant contends we should, that his divorced wife cannot maintain an alimony suit against him for her support and maintenance would amount to a holding that her claim against him for support and maintenance has to that

extent been altered by the divorce decree he obtained. As pointed out, the statute under which he obtained his divorce emphatically declares that her status as to support and maintenance shall not be altered *in any way* by the granting of the divorce; and a suit for alimony is certainly the most adequate and effective remedy which the law affords her for the enforcement of her claim against him for support and maintenance. When a husband obtains a divorce from his wife on the ground of incurable insanity, his duty to support and maintain her continues to exist and her legal right to have him comply with that obligation is not altered in any way by the divorce decree he thus obtains.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 15, 1959—DECIDED MAY 8, 1959.

*Merrell Collier*, for plaintiff in error.
*William C. Rimmer, Jr.*, contra.